UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-cv-00196-TBR

**JAMES CASE**  **PLAINTIFF**

**v.**

**UNITED STATES OF AMERICA**  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment. [DN 16]. Plaintiff James Case responded, [DN 17], and the United States replied. [DN 18]. As such, this matter is ripe for adjudication. For reasons stated herein, Defendant's Motion for Summary Judgment is **GRANTED**. [DN 16].

### I. Background

Plaintiff James Case brought the present action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 and 28 U.S.C. § 1346(b). [DN 1 at 1]. Case alleges that on August 24, 2018, he "was injured by a dangerous condition created and/or not properly maintained by the [United States], while lawfully and properly on the Defendant's premises." *Id.* at 2. Specifically, while camping at Hillman Ferry Campground in the Land Between the Lakes National Recreation Area, Case stepped on an allegedly broken water valve box which collapsed and caused him to fall. [DN 16 at 2–3; DN 17 at 2]. Defendant answered, [DN 4], and after the completion of discovery, filed the present Motion for Summary Judgment. [DN 16].

### II. Legal Standard

To grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

In reviewing a motion for summary judgment, the Court must review the evidence in the light most favorable to the non-moving party; however, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence ... of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

Ultimately, if the record, taken as a whole, could not lead the trier of fact to find for the nonmoving party, then there is no genuine issue of material fact and summary judgment is appropriate. *Matsushita Elec.*, 475 U.S. at 587 (citation omitted).

### III.    Discussion

Defendant first argues the Court lacks subject matter jurisdiction over the claims asserted by Case. [DN 16 at 9]. The Federal Tort Claims Act ("FTCA") grants district courts

> exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the

>negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The FTCA further provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. In short,

>[t]he FTCA waives the federal government's sovereign immunity in limited contexts, and "is the exclusive remedy for suits against the United States or its agencies sounding in tort." *Himes v. United States*, 645 F.3d 771, 776 (6th Cir. 2011) (citing 28 U.S.C. § 2679(a)). Under the FTCA, federal district courts have jurisdiction over claims against the United States for personal injury or death caused by the "negligent or wrongful act or omission" of any government employee acting within the scope of his employment, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1)— Kentucky law, in this case.

*Wilburn v. United States*, 616 Fed. Appx. 848, 852–53 (6th Cir. 2015). The FTCA is unambiguous, however, that it "does not include any contractor with the United States." 28 U.S.C. §2671.

Defendant argues that it is the responsibility of an independent contractor to inspect, maintain, or repair the water valves located in Hillman Ferry Campground where the alleged incident occurred and "[b]ecause Plaintiff's allegations relate to acts that were the responsibility of a contractor, and not of a federal employee, this Court lacks subject matter jurisdiction to entertain Plaintiff's claims." [DN 16 at 13 citing *Durbin v. United States*, 996 F.2d 1214, at *1 (6th Cir. 1993)]. Conversely, Case argues that when "distinguishing between employees and independent contractors, the Court must consider several factors including the government's ability to control the detailed physical performance of the contractor." [DN 17 at 3]. Accordingly, the core issue before the Court is whether EnviroSmart—the company contracted to conduct a

3

variety of services for Hillman Ferry Campground, including ground maintenance, at the time of the incident at issue—should be considered an independent contractor or an employee of the United States.

The Sixth Circuit, under guidance from the Supreme Court, has explained that "the 'critical factor' in distinguishing a federal employee, which the FTCA covers, from an independent contractor, which the FTCA does not, is 'the authority of the principal to control the detailed physical performance of the contractor,' that is, 'whether [the contractor's] day-to-day operations are supervised by the Federal Government." *C.H. By & Through Shields v. United States*, 818 F. App'x 481, 485 (6th Cir. 2020) (internal citations omitted).

Jason Osbourne, a Contracting Officer Representative ("COR") for the United States Forest Service, held a position at Hillman Ferry Campground at the time of the incident. [DN 16-1 at 14]. Case argues that based on Osbourne's testimony, "[t]he control exerted over EnviroSmart by the USA through its COR dictates that EnviroSmart should be treated as an employee of the USA and not fall under the independent contractor exception." [DN 17 at 4]. Specifically, Osbourne's testimony states that as the COR, he would "call the contractor … tell them that work's required … get a quote for the work that needs to be completed. And then [the CORs] will inspect it once [the work is] completed." [DN 16-1 at 24]. Osbourne explained that when making requests, CORs ask for repairs generally—such as a request to fix something that appears broken—rather than providing input on how the repair should be performed. *Id.* at 26–27. Later in the deposition, Osbourne also clarified that U.S. Forest Service employees would not typically become aware of issues with water valves, such as the one in the present dispute, until EnviroSmart completed its regularly scheduled inspections. *Id.* at 29–30.

4

Both the 48 C.F.R. § 2.101 and the contract between EnviroSmart and the United States, provide similar definitions of CORs. The statutory definition provides: "Contracting officer's representative (COR) means an individual, including a contracting officer's technical representative (COTR), designated and authorized in writing by the contracting officer to perform specific technical or administrative functions." 48 C.F.R. § 2.101. The contract states: "LBL utilizes multiple Contracting Officer Representatives (CORs), and one Lead COR. Each COR is responsible for a specific facility, program, or area. The Lead COR is responsible for a facility program, or area, as well as invoice processing and oversight of the contract." [DN 16-6 at 51]. The contract further states that communication between EnviroSmart and the CORs regarding grounds maintenance should be conducted weekly through email. *Id.* at 55. Though the contract is detailed and provides descriptions of performance-based obligations, it does not detail how EnviroSmart was to complete their responsibilities. *See Zion*, 913 F. Supp. 2d at 384.

In *Zion*, while delivering magazines to a federal office building, the plaintiff was injured when a door closing mechanism malfunctioned and stuck her heel, severing her Achilles tendon. *Id.* at 382. The building was owned by the United States, but DL Joint Venture was contractually responsible for the maintenance and service of the building. *Id.* Accordingly, the court faced a similar issue in determining whether DL Joint Venture should be classified as an employee of the United States or as an independent contractor under the FTCA. *Id.* at 383. The court found that because the contract—similar to the one in the present dispute—did "not provide a procedural guideline or a detailed manual for the work" the contract language alone favored classification as an independent contractor. *Id.* at 384. The issue then was whether the governments ability to: "(a) ensure compliance with contract requirements; (b) approv[e] building operating plans and quality control plans; (c) perform[] inspections of the building; (d) supervis[e] work through monthly

progress reports; and (e) establish[] and ensur[e] compliance with maintenance standards" was enough to "suggest the type of detailed physical control and day-to-day supervision of a typical employer-employee relationship." *Id.* at 385. The court found that "retaining the right to inspect performance and supervise compliance with the contract does not establish an employee relationship" explaining that the "government cannot reasonably be expected to forfeit all rights of general supervision when it contracts out services." *Id.*

Accordingly, Osbourne's testimony regarding his role in requesting work and inspecting EnviroSmart's performance and the record as a whole, supports a finding that EnviroSmart was acting as an independent contractor, not an employee of the United States. There is no evidence that the CORs controlled the contractor's detailed physical performance nor were the day-to-day operations supervised by the Federal Government. Accordingly, the Court lacks subject matter jurisdiction over this case and Defendant's motion for summary judgment must be granted.

Defendant also contends that Case's claim would fail under the Kentucky negligence laws. *Id.* at 13. Because the Court is granting Defendant's Motion for Summary Judgment based on a lack of subject matter jurisdiction, the Court will not address the Kentucky negligence law issue.

### IV.    Conclusion

For the reasons stated, **IT IS HEREBY ORDRED** that Defendant's Motion for Summary Judgment is **GRANTED**. [DN 16]. The Court will enter a separate Order and Judgment consistent with the Memorandum Opinion.

Thomas B. Russell, Senior Judge
United States District Court

August 19, 2022

cc: counsel